ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILROY JOHNSON, | ) | |
| | ) | CASE NO. 1:18CR57 |
| Petitioner, | ) | 1:20CV1407 |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

Pending before the Court is Petitioner Philroy Johnson's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 48. The motion is DENIED. For the same reasons, Johnson's "renewed" motion to vacate is also DENIED. Doc. 50.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Initially, the Court notes that in *Khamisi-El v. United States*, 800 Fed.Appx. 344 (6th Cir. 2020), the Sixth Court found that "[t]he rule in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Id.* at 349 (quoting *In re Palacios*, 931 F.3d at 1315). Thus, Johnson's claim has no merit as *Rehaif* does not provide him relief in this collateral proceeding.

*See Abernathy v. United States*, No. 1:19-cv-2, 1:16-cr-81, 2019 WL 5268546, at *5 n.3 (E.D. Tenn. Oct. 17, 2019) ("The Supreme Court's holding [in *Rehaif*], however, is not retroactively applicable to cases on collateral review and, therefore has no bearing on the Court's consideration of Petitioner's motion."); *Moore v. United States*, No. 2:19-cv-02572-TLP-tmp, 2019 WL 4394755, at *2 (W.D. Tenn. Sept. 12, 2019) (denying relief under § 2255 because "*Rehaif* did not announce a new rule of law made retroactive to cases on collateral review"); *see also United States v. Damien Clark*, No. 6:20-cv-076-DCR, 2020 WL 1644022, at **3-4 (E.D. Ky. Apr. 4, 2020) (where petitioner challenged the validity of his conviction by way of 28 U.S.C. § 2241, finding that petitioner could not rely upon the "savings clause" of § 2255(e) to pursue his claims in a § 2241 petition but, even if this were not the case, Clark's reliance on *Rehaif* was misplaced because the Supreme Court has not made the *Rehaif* decision "retroactively applicable to cases on collateral review.").

Moreover, even if this Court were to examine *Rehaif*, Johnson cannot demonstrate that he is entitled to relief. *Rehaif* held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019). Before this holding, courts did not require the government to prove that the defendant knew of his prohibited status when he knowingly possessed a firearm. *See United States v. Conley*, 802 Fed. App'x 919, 922 (6th Cir. 2020). Johnson, however, was convicted under § 922(k), a section not impacted by *Rehaif*.

Johnson appears to argue that § 922(k) should be interpreted in a similar manner, i.e., that the Government should have to prove that he knowingly possessed the firearm *and* that he knew its serial number had been obliterated. The Sixth Circuit has previously held that such knowledge is

in fact required: "This offense requires knowledge on the part of the defendant that the firearm he possessed had an obliterated serial number."  *United States v. Cobbs*, 233 F. App'x 524, 536 (6th Cir. 2007).  Accordingly, when he pled guilty, Johnson admitted to having such knowledge.  While Johnson may have been hesitant in interviews to admit to such knowledge, he made a knowing and voluntary plea to *all* of the elements of the offense.  Accordingly, he cannot use this proceeding to now claim that the Government failed to prove any element.

Johnson's motion and renewed motion are DENIED.  Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

December 31, 2020  /s/John R. Adams
Date  John R. Adams
U.S. District Judge